IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MICHAEL A. WHITE, M.D.                                                                            PLAINTIFF

V.                                                                              CAUSE NO.: 1:13CV071-SA-DAS

DRUG ENFORCEMENT AGENCY                                                                    DEFENDANT

MEMORANDUM OPINION

The Drug Enforcement Agency (DEA) has filed a Motion to Dismiss, or Alternatively, Summary Judgment [8] on the assertion that this Court has no subject matter jurisdiction. Because Plaintiff has failed to exhaust his administrative remedies or follow the statutory framework for the specific relief requested, the Court grants that motion and dismisses this civil action.

*Factual and Procedural Background*

As a practicing physician, Michael White prescribed narcotics pursuant to DEA License Number BW39213009. After a determination by the Mississippi State Board of Medical Licensure that Dr. White was wrongfully dispensing a Schedule IV narcotic, White voluntarily surrendered License Number BW39213009 to the DEA.

White thereafter submitted an application for a new DEA registration. That application, which is currently under review by the DEA, is the subject of this civil action. White "requests that this Court have a hearing as soon as possible to address the status of his DEA license and that he either be granted the same or be allowed a full trial to address the issues aforementioned and for any and all other declaratory relief available."

The DEA contends that White's Complaint should be dismissed as he has failed to exhaust his administrative remedies under the Controlled Substance Act (CSA), 21 U.S.C. §801, et seq.

*Subject Matter Jurisdiction*

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenge the subject matter jurisdiction of the district court. See FED. R. CIV. P. 12(b)(1). Subject matter jurisdiction must be ascertained before the court addresses other grounds for dismissal raised by the defendant. See Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 220 (5th Cir.), cert. granted, 525 U.S. 1039, 119 S. Ct. 589, 142 L. Ed. 2d 532 (1998); Aetna Cas. & Sur. Co. v. Iso-Tex, Inc., 75 F.3d 216, 218 (5th Cir. 1996). The court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits and does not prevent the plaintiff from pursuing the claim in a court that has proper jurisdiction. See Hitt v. Pasadena, 561 F.2d 606 608 (5th Cir. 1977).

"'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert. denied, 454 U.S. 897, 70 L. Ed. 2d 212, 102 S. Ct. 396 (1981)); accord Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof on a Rule 12(b)(1) motion to

dismiss is on the party asserting jurisdiction. See Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1986). Accordingly, the plaintiff at all times bears the burden of demonstrating that subject matter jurisdiction exists. See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).

*Discussion and Analysis*

"The doctrine of exhaustion of administrative remedies is one among related doctrines—including abstention, finality, and ripeness—that govern the timing of federal-court decisionmaking." McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). A court conducting an exhaustion inquiry must give "'paramount importance'" to congressional intent. Id. at 144, 112 S. Ct. 1081 (quoting Patsy v. Board of Regents of Florida, 457 U.S. 496, 501, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982)). Where Congress provides that certain administrative remedies are exclusive, exhaustion is required. See Patsy, 457 U.S. at 502 n. 4, 102 S. Ct. 2557 (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58, 58 S. Ct. 459, 82 L. Ed 638 (1938)). Moreover, even where there is no explicit statutory exhaustion requirement, courts must draw guidance from congressional intent "in determining whether application of the doctrine would be consistent with the statutory scheme." Id., 102 S. Ct. 2557. Thus, in deciding whether exhaustion of federal remedies is required, "courts generally focus on the role Congress has assigned to the relevant federal agency, and tailor the exhaustion rule to fit the particular administrative scheme created by Congress." Id., 102 S. Ct. 2557 (citing McKart v. United States, 395 U.S. 185, 193–95, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969)).

Here, the administrative remedy framework is not explicitly statutorily-defined as Plaintiff's exclusive option. However, the Court finds that the doctrine of exhaustion is consistent with the statutory scheme and necessary before jurisdiction lies in a judicial forum.

The Controlled Substances Act, see 21 U.S.C. §§ 801-971, established a comprehensive regulatory framework to control the manufacture, distribution, and dispensation of controlled substances. Maynard v. DEA, 117 F. App'x 941, 943 (5th Cir. 2004). The Act requires practitioners who dispense controlled substances to register with the Attorney General. See 21 U.S.C. § 822. Concomitantly, the Act authorizes the Attorney General to suspend or revoke a registration after issuing an order to show cause and holding a hearing in accordance with the Administrative Procedure Act. See 21 U.S.C. § 824(a), (c). The Attorney General has delegated this authority to the Drug Enforcement Administration (DEA). See Harline v. DEA, 148 F.3d 1199, 1202 (10th Cir. 1998).

Under the CSA, "any person aggrieved by a final decision" of the DEA under the Act "may obtain review of the decision" in the appropriate court of appeals. 21 U.S.C. § 877. Explicit in this grant of jurisdiction to the courts of appeals is the requirement that the DEA issue a "final decision" under the Act. See Monson v. DEA, 589 F.3d 952, 960 (8th Cir. 2009).

Accordingly, the Court finds that the statutory scheme found in the CSA as to the registration of manufacturers, distributors, and dispensers of controlled substances evidences Congress' intent that that process be the exclusive administrative remedy for grievances under that subchapter. The exhaustion requirement generally prevents premature interference with agency processes, allowing agencies an opportunity to (1) correct their own errors, (2) afford the parties before them and reviewing courts the benefit of their experience and expertise, and (3) compile a record which is adequate for judicial review. See Salfi, 422 U.S. at 765, 95 S. Ct. 2457. Furthermore, encouraging parties to circumvent agency procedures would diminish agency effectiveness by making enforcement efforts far more complicated and expensive. See McKart v. United States, 395 U.S. 185, 193-95, 23 L. Ed. 2d 194, 89 S. Ct. 1657 (1969). The

Court finds that these purposes are served in recognizing the exclusivity of the registration and revocation proceedings found within the CSA.

The Supreme Court has recognized at least three broad exceptions to the exhaustion requirement: "First, requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action," McCarthy v. Madigan, 503 U.S. 140, 146–47, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992); "[s]econd, an administrative remedy may be inadequate 'because of some doubt as to whether the agency was empowered to grant effective relief,'" id. at 147, 112 S. Ct. 1081 (quoting Gibson v. Berryhill, 411 U.S. 564, 575, n. 14, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973)); and "[t]hird, an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it," McCarthy, 503 U.S. at 147, 112 S. Ct. 1081.

The Court finds the exclusions to the exhaustion requirement as set forth above do not preclude application of the exhaustion doctrine. Allowing the agency procedures to be followed will not cause undue prejudice to subsequent court action as the procedures themselves allow for a judicial review on appeal to the courts of appeal. Further, the administrative remedies are adequate – the agency is empowered to grant the relief requested by Plaintiff, and the Plaintiff has failed to show any bias or predetermination of the issue on the part of the DEA.

The DEA issued an Order to Show Cause on July 2, 2013, setting a hearing date for White to explain "why the DEA should not deny [his] pending application for a DEA Certificate of Registration . . . ." That Order further outlined the "procedures available to [White] in this matter." White additionally submitted to the Court his written response to that Order to Show Cause regarding the hearing scheduled. Based on the record, it is apparent that the

administrative process is ongoing as to this matter. Therefore, the Court lacks any constitutional or statutory power to adjudicate this case. Home Builders Ass'n of Miss., Inc., 143 F.3d at 1010.

Congress has instituted a statutory framework for the regulation and issuance of licenses under the CSA. Plaintiff is participating in that process as he has requested a hearing date and responded to the Order to Show Cause. Therefore, until the DEA makes its' "final determinations, findings, and conclusions . . .," the district court does not have subject matter jurisdiction over the relief requested. See Weinberger v. Salfi, 422 U.S. 749, 764, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975) (stating finality of agency decision is "central to the requisite grant of subject-matter jurisdiction."). Moreover, according to the statute, once such final determination is made, jurisdiction lies with the court of appeals, not the district court. See 21 U.S.C. § 877.

*Conclusion*

The Court does not have subject matter jurisdiction over this matter. Therefore, Defendant's Motion to Dismiss [8] is GRANTED, this case is DISMISSED, and the civil action is CLOSED.

SO ORDERED, this the 10th day of December, 2013.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**